*[handwritten: day of November 2006, DR]*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSE LUIS BECERRA-YEPEZ, )<br>)<br>Defendant. ) | Criminal Action No. 06-31-03-JJF |

## **MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Jose Luis Becerra-Lopez, by and through his attorney, Joseph W. Benson, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and enter a plea of guilty to a one count information, charging conspiracy to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and(b)(1)(C), and 846, carrying the maximum penalty of twenty years incarceration, a $1,000,000 fine, a life term of supervised release with a minimum term of three years supervised release, and a $100 special assessment. At sentencing the United States will move to dismiss the Indictment as it relates to and charges the defendant.

2. The elements of conspiracy to distribute cocaine are as follows:



FILED
NOV 20 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

    a.    that two or more persons conspired, or agreed, to commit the crime of distribution of cocaine; and

    b.    that the defendant knowingly and voluntarily joined the conspiracy.

3.    Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

4.    The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will ask the Court to calculate the appropriate sentence under the U.S.S.G. and likely will ask the Court to impose a sentence consistent with the U.S.S.G. The defendant recognizes that the Court is not bound by the recommendations of the parties.

5.    The defendant agrees to pay the special assessment of $100 at the time of sentencing or, if the Court orders a prison sentence, to voluntarily enter the United States Bureau of Prisons administered Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of any outstanding debt ordered.

6.    It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified

only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Joseph W. Benson, Esquire
Attorney for Defendant

By: _____
Edmond Falgowski
Assistant United States Attorney

_____
Jose Luis Becerra-Yepez
Defendant

Dated: 11-20-06

AND NOW, this 20 day of November, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Joseph J. Farnan JR.
United States District Court

3